Nathan RIENSCHE, individually and on behalf of all the members of the class of persons similarly situated, Plaintiff—Appellant,

v.

CINGULAR WIRELESS LLC, a Delaware limited liability company doing business as Cingular Wireless; New Cingular Wireless Services, Inc., a Delaware corporation doing business as AT & T Wireless; New Cingular Wireless Services Purchasing Company LP, a Delaware corporation doing business as Cingular Wireless; New Cingular Wireless PCS LLC, a Delaware limited liability corporation doing business as Cingular Wireless, Defendants—Appellees.

No. 07–36054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed March 26, 2009.

David Elliot Breskin, Esquire, Daniel Foster Johnson, Esquire, Roger Mulford Townsend, Breskin Johnson & Townsend PLLC, Seattle, WA, for Plaintiff–Appellant.

Bradford Joseph Axel, Shelley M. Hall, Scott A.W. Johnson, Stokes Lawrence, PS, Seattle, WA, for Defendants–Appellees.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM *

Plaintiff Nathan Riensche ("Riensche") appeals the district court's rulings in favor of Defendant Cingular Wireless ("Cingular"). The district court dismissed Riensche's claims to the extent that they relied on the Washington Business and Occupations tax ("B & O tax") statute, holding that this statute was preempted by the Federal Communications Act ("FCA"). It then granted summary judgment to Cingular on Riensche's remaining claims for breach of contract, unjust enrichment, and deceptive conduct under the Washington Consumer Protection Act ("CPA"), and sanctioned Riensche's lawyer for directing his clients not to answer questions during depositions on the grounds of attorney-client privilege. Riensche appeals all of these decisions, with the exception of the summary judgment grant on the unjust enrichment claim. We reverse the district court's dismissal of Riensche's B & O tax claim and, in light of this reversal, we vacate the grant of summary judgment on Riensche's remaining claims. We affirm the discovery sanctions order.

■ Riensche first claims that Cingular directly violated RCW § 82.04.500 by passing on the B & O tax to its customers as a surcharge assessed beyond the contract price. This claim is not preempted by the FCA. After the district court's decision in this case, we held in a separate case that such a claim is not preempted by the FCA. *Peck v. Cingular Wireless, LLC,* 535 F.3d 1053, 1057–58 (9th Cir.2008). Because this case is controlled by our decision in *Peck,* we reverse the district court's dismissal of this claim.

Riensche's claims of breach of contract and deceptive practices under the CPA may be affected by the conclusion that RCW § 82.04.500 is not preempted. Because the district court believed that RCW § 82.04.500 was invalid, it did not have the opportunity to address whether a violation of that statute could, in the circumstances of this case, produce a breach of contract or a deceptive practice under the CPA. We therefore vacate the district court's grant of summary judgment on Riensche's breach of contract and CPA claims so the district court can reassess its ruling on these questions in light of the fact that the B & O tax statute is not preempted. In doing so, the district court also may wish to wait for the Washington Supreme Court to resolve the appeal of *Schnall v. AT & T Wireless Services, Inc.,* 139 Wash.App. 280, 161 P.3d 395, 401 (2007), before ruling on the CPA claims.

■ We affirm the discovery sanctions. Given that Riensche's attorney on several occasions ordered his clients not to answer questions that could have been answered without violating the attorney-client privilege, the district court did not abuse its discretion in sanctioning the attorney for this conduct.

**REVERSED and REMANDED in part, VACATED in part, and AF-**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

FIRMED in part. Costs on appeal to be divided between the parties.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.